**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| VITALIS CADETTE,<br><br>      Plaintiff,<br><br> v.<br><br>GLENCORE LTD. and COSMOGONY II, INC.,<br><br>      Defendants.<br>_____ | 1:21-cv-00249-WAL-GWC |

TO: Korey A. Nelson, Esq.
   C. Jacob Gower, Esq.
   Warren T. Burns, Esq.
   H. Rick Yelton, Esq.
   Richard A. Hunter, Esq.

**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT**

THIS MATTER is before the Court upon Plaintiff's Request for Entry of Default Against Defendant Cosmogony II, Inc. (ECF No. 16). This order is issued without necessity of response.

As Plaintiff cites, default may be entered, pursuant to Federal Rules of Civil Procedure Rule 55(a), against a party who has failed to plead or otherwise defend an action against them. Fed. R. Civ. P. 55(a).[1] At the same time, it is well established that default may be validly entered only after a complaint and summons have been properly served. *See,*

---

[1] Rule 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court notes that, while Plaintiff emphasizes the mandatory nature of the rule, Plaintiff misquotes Rule 55(a) and also completely overlooks the requirement that the failure of the defending party to plead or otherwise respond be "shown by affidavit or otherwise." The record is devoid of any affidavit or other evidence supporting the motion. In fact, the docket indicates that the Court informed Plaintiff's counsel that documents were missing. *See* Notice of Corrected Docket Entry, dated October 5, 2021.

*Vitalis Cadette v. Glencore Ltd. et al.*
1:21-cv-00249-WAL-GWC
Order Denying Motion for Entry of Default
Page 2

*e.g., Anderson v. Mercer County Sheriff's Dept.*, Civil Action No. 11-cv-7620 (JAP), 2013 WL 5703615 at *3 (D.N.J. Oct. 17, 2013) ("The entry of default 'when there has been no proper service of the complaint is *a fortiori* void, and should be set aside.'" (quoting *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F. 2d 14, 19 (3d Cir. 1985)); *Thompson v. Mattleman, Greenberg, Shmerelson, Weinroth & Miller*, No. CIV. A. 93-2290, 1995 WL 321898 at *4 (E.D. Pa. 1995) ("It is true that '[b]efore a default can be entered, the court must have jurisdiction over the party against whom the judgment is sought, which also means that he must have been effectively served with process.'" (citations omitted)).

As grounds for his motion, Plaintiff declares that Defendant Cosmogony II, Inc., "[w]as properly served . . . pursuant to Title 13 V.I.C. [sic] § 348 via service on the Office of the Lieutenant Governor . . . ."  Mot. at 1.  Plaintiff seemingly asserts that he was entitled to utilize this form of substituted service because, he alleges, "Cosmogony II, Inc., has not kept a valid and current resident/registered agent." *Id*.

Section 348 of Title 13 of the Virgin Islands Code provides, in relevant part:

> In case legal process against a corporation cannot by due diligence be served upon any person authorized to receive it, such process, including the complaint, may be served in duplicate upon the Lieutenant Governor, which service shall be effectual for all purposes of law.  Within two days after service upon the Lieutenant Governor, he shall notify the corporation thereof by letter directed to the corporation at its last registered office, in which letter shall be enclosed a copy of the process, the complaint or other papers served.  In any action in which the process shall be so served the plaintiff shall pay to the Lieutenant Governor the sum of twenty-five dollars ($25.00), which sum shall be taxed as a part of the costs in the action if the plaintiff shall prevail therein.

*Vitalis Cadette v. Glencore Ltd. et al.*
1:21-cv-00249-WAL-GWC
Order Denying Motion for Entry of Default
Page 3

V.I. Code Ann., tit. 13, § 348.  The plain language of the statute requires a plaintiff to use "due diligence" to serve "any person authorized to receive it" before resorting to the substituted service allowed by the statute.  Nowhere in Plaintiff's motion does Plaintiff detail his diligent attempts to serve said Defendant prior to taking advantage of the substituted service allowed by the statute.  His mere declaration that said Defendant doesn't have a current registered agent is insufficient to show due diligence.

> As the then-Territorial Court of the Virgin Islands states:
>
> Significantly, section 348's due diligence requirement is not limited to attempts at serving a registered agent, but requires a plaintiff to use due diligence to serve "any person authorized to receive [process]."  V.I. Code Ann. tit. 13, § 348 (1998).  Had our Legislature intended to require due diligence only in relation to serving the registered agent, it could easily have limited the language of section 348 to reflect this intention.  *See, e.g.*, Dutch Farm Meats, Inc. v. Horizon Foods, Inc., 275 Ill. App. 3d 322, 655 N.E. 2d 1012, 1015, 211 Ill. Dec. 629 (Ill. App. Ct. 1995) (accepting substitute service where only prior attempt at service was upon registered agent because statute only required reasonable diligence "in relation to finding the registered agent at the registered office.").  Section 348, however, requires due diligence in serving any person who can receive service.

*V.I. Cement & Bldg. Prods. v. Capital Int'l Corp.*, 42 V.I. 64, 67-68 (Terr. Ct. 2000).  The *V.I. Cement & Bldg. Prods.* court then finds that "Plaintiff could have easily served Defendant at its Maitland, Florida[,] office where Plaintiff was in constant contact with Defendant's president and chairman . . . ." and that "in light of Plaintiff's actual knowledge of Defendant's address, its reliance on section 348 substituted service violates due process."  *Id*. at 68.  The court concludes that "Plaintiff did not perfect service on Defendant."  *Id*. at 69.

*Vitalis Cadette v. Glencore Ltd. et al.*
1:21-cv-00249-WAL-GWC
Order Denying Motion for Entry of Default
Page 4

Here, in the matter at bar, the Court finds that Plaintiff's purported substituted service upon the Lieutenant Governor was ineffective to perfect service upon Defendant Cosmogony II, Inc. First, Plaintiff fails to provide any evidence to support his allegation that Cosmogony II, Inc., has no registered agent. Second, even if that allegation is true, Plaintiff fails to demonstrate that he employed "due diligence" to serve "any person authorized to receive" service of process and that such attempts were unsuccessful to the extent that he was entitled to employ substituted service upon the Lieutenant Governor. Third, even if the Court assumes that such substituted service was permitted in this instance, Plaintiff fails to submit any evidence that the other provisions of Section 348 were fulfilled, namely that the Lieutenant Governor notified Cosmogony II, Inc., by letter and that Plaintiff paid the required $25.00 fee.

Because Plaintiff failed to effectuate proper service of process upon Defendant Cosmogony II, Inc., Plaintiff's motion for entry of default also must fail.

Accordingly, it is now hereby **ORDERED** that Plaintiff's Request for Entry of Default Against Defendant Cosmogony II, Inc. (ECF No. 16) is **DENIED**.

ENTER:

Dated: November 4, 2021

/s/ George W. Cannon, Jr.
GEORGE W. CANNON, JR.
U.S. MAGISTRATE JUDGE